LUCRETIA VAN DOREN, Appellant, *v.* WALTER C. HORTON and Others, Respondents.

*Motion for a new trial on the minutes — can only be made where a verdict has been rendered — Power of one partner to transfer firm property after the dissolution of the partnership.*

A motion for a new trial, on the minutes of the justice before whom the action was tried, can only be made where a verdict has been rendered; it cannot be made where the plaintiff has been nonsuited.

On January 1, 1875, a firm consisting of four members, two of the name of McPherson, and two of the name of Horton, was dissolved, and all the property divided, except certain accounts and an ice house, which house it was agreed should be separated into two parts by a partition, and one-half be occupied by the McPhersons and the other by the Hortons, for the term of one year. The Hortons were to collect the outstanding credits and apply them to the payment of the firm debts. On July 30, 1875, while the parties were in the occupation of the ice house under this agreement, one of the McPhersons, without the knowledge of the Hortons, and without special authority from either of the members of the firm, transferred the house to the plaintiff.

In an action by the plaintiff against the defendants, the Hortons, to recover the house, with damages for its detention, *held,* that the authority of McPherson to transfer the firm property was not terminated by the dissolution of the firm, and that the plaintiff was entitled to recover.

Appeal from a judgment of nonsuit in favor of the defendants, entered after a verdict assessing the value of the property in an action of replevin, directed by the court at the Jefferson Circuit, and from an order denying a motion for a new trial on the minutes.

The action was in replevin to recover certain personal property, to wit, an ice house, an ice plow, etc., with damages for their detention. The property was owned, originally, by the firm of McPherson & Horton, the members of which were George W. McPherson, Alonzo McPherson and the defendants, Walter C. Horton and Waldron O. Horton. On the 1st day of January, 1875, the firm was dissolved by mutual consent, and an agreement in writing was entered into by all the partners, by which all the property of the firm was divided, except certain accounts and the property in suit, to wit, a building on the rail-road wharf at Cape Vincent, known as the large ice house, together with a few articles of personal property used in connec-

tion with the ice house. The agreement provided that the ice house should remain co-partnership property; that it should be divided into two parts by a partition put up at joint expense, and that for one year the McPhersons should have the use of one-half of the building and the Hortons of the other half. It was also agreed that the Hortons should collect the outstanding credits belonging to the firm and apply them to the payment of the liabilities of the firm, and that the accounts of the members of the firm, as between themselves, should be adjusted and settled by one Lee. The McPhersons and the Hortons took possession of their respective portions of the ice house, and occupied them according to the agreement. On 30th July, 1875, George W. McPherson, without the knowledge of the Hortons, and without any special authority from either of the other members of the late firm, signed the firm name to a paper purporting to transfer to the plaintiff the large ice house and the other property belonging to the firm, which was then undivided, for the consideration of $500. After the expiration of the year, during which the ice house was to be jointly occupied by the late co-partners, the defendants took possession of the same and refused to deliver it to the plaintiff on demand. The court ordered a nonsuit, on the ground that after the dissolution of the partnership, George W. McPherson had no authority to sell the partnership property, in the name of the firm or otherwise, and that, consequently, the plaintiff had no title.

*Porter & Walts*, and *D. O'Brien*, for the appellant.

*Starbuck & Sawyer*, for the respondents.

SMITH, J.:

The appeal from the order refusing a new trial raises no question for review. As there was no verdict rendered, the case was not one in which a motion for a new trial could be made on the minutes. The right to make such motion is given by section 999 of the Code of Civil Procedure. That section provides that "the judge presiding at a trial by jury may, in his discretion, entertain a motion, made upon his minutes, at the same term, to set aside

the verdict and grant a new trial, upon exceptions; or, because the verdict is excessive, or for insufficient damages, or otherwise contrary to the evidence, or contrary to law." It is not enough that a jury was impanneled; unless a verdict was rendered, the party seeking a new trial cannot move for it on the judge's minutes. We held, last term, in the case of *Sizer* v. *Ray*, that a nonsuit is a trial by the court, within the meaning of section 1346 of the present Code, and that ruling confirms the view above expressed. We have referred to the point, rather for the purpose of indicating the correct practice, than because of its bearing on the present case. The order should be reversed as irregular.

The only question properly before us is raised by the appeal from the judgment. Had McPherson authority to sell the partnership property after the dissolution? There can be no doubt but that, if the sale had been made during the existence of the co-partnership, it would have been valid. The case of *Robbins* v. *Fuller* (24 N. Y., 570), cited by the appellant's counsel, seems to be an authority for holding that the power existed. In that case, one of the partners, six years after the dissolution, without the knowledge of the other partner, gave a power of attorney in the name of the firm to his son, to sell the unpaid demands of the firm. The son sold a judgment which the firm had recovered against one Fuller for $1,767.13 to one Wells, who settled and discharged it for $100 paid by Fuller. The other partner had no knowledge of these facts at the time, and never received any pay on the judgment, nor did he dispose of his interest in it, and at the time of the giving of the power of attorney, the co-partners, as such, owed no debts. On these facts, the other partner, suing in the name of himself and his co-partner, sought to recover one-half of the judgment, less the $100 paid to Wells. A recovery was had below, but the Court of Appeals reversed the judgment, holding that each partner, after a dissolution, possesses the same authority to adjust the affairs of the concern, by collecting its debts and disposing of its property, as before the dissolution, where there is no agreement to the contrary; that such right is not lost by the fact that the partnership debts are paid; nor, it seems, does it depend upon the state of the accounts between the partners, at all events not as against persons having no notice of the fact.

Here, the evidence is that at the time of the transfer there were partnership debts unpaid, and the state of the accounts, as between the partners, does not appear. Judge DENIO, who delivered the prevailing opinion, said, that although the dissolution of a firm annuls the powers of the respective partners for many purposes, and particularly as to the contracting of debts against the co-partnership, it does not terminate their authority to administer the assets in accordance with the rights and interests of the parties interested in them, and with the intention of the partnership enterprise. And he laid stress upon the consideration that there must be some one to adjust the affairs of the concern, by collecting its debts and disposing of its property, and dividing the proceeds among the parties entitled, and he concluded, that where, as in that case, none of the parties are specially empowered for that purpose, to the exclusion of the others, the individual partners retain the same authority which they possessed before the dissolution, so far as it may be necessary for such purposes.

The counsel for the respondents suggest that, in the present case, exclusive power to dispose of the partnership property was given to the Hortons by the agreement of dissolution. We do not so understand it. The power given to the Hortons was limited to the collection of the outstanding credits and applying them to the payment of the outstanding liabilities of the firm, and their action was to be completed within six months after the dissolution. It is very evident that the power did not extend to a sale of the chattels owned by the firm, and especially to a sale of the property in question, the possession of which the respective members of the firm had a right, by the terms of the agreement, to retain for one year.

The authority which the agreement gave to Lee was expressly confined to the adjustment and settlement of the accounts of the members of the firm, as between themselves.

We have dealt with the naked question of power, as that appears to have been the only point decided at the circuit. The question whether the transfer by McPherson was fraudulent as against the other members of the firm, or as against creditors, was not entered upon at the trial, and is not presented by the appeal.

THE PEOPLE ex rel. McKENZIE v. SUPERVISORS.    11

Fourth Department, October Term, 1879.

. The judgment, as well as the order, should be reversed, and a. new trial ordered, costs to abide event.

Talcott, P. J., concurred : Hardin, J., not sitting.

Judgment and order appealed from reversed, and a new trial ordered, costs to abide event.